**Heriberto Cabrera &**
ASSOCIATES • ATTORNEYS AT LAW

480 39th Street, 2nd Floor
Brooklyn, NY 11232
T: 718.439.3600
F: 718.439.1452
www.gonylaw.com
info@gonylaw.com

June 27, 2022

The Honorable Arlene R. Lindsay
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Severino et al v. Centro De Inmigracion, Corp., et al
     Case #: 21-cv-00708-JMA-ARL

Your Honor:

The instant submission is made pursuant to the Court's Order of June 15, 2022, requiring the parties to file the settlement documents for *Cheeks* review by June 30, 2022. The parties respectfully request this Court approve the parties' settlement of the above-referenced matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter-alia*, the Fair Labor Standards Act.

The parties mutually consent and request that the Court retain jurisdiction to enforce the terms of this settlement agreement and ask the Court to include such retention in its order of dismissal.

The parties have agreed to a negotiated Settlement Agreement (the "Agreement") – **Exhibit A** - after extensive settlement discussions with opposing counsel regarding the merits of the case, from both the defense and plaintiffs' perspective, we have agreed on a negotiated settlement of the referenced action in large part due to the considerable efforts of EDNY Mediator Patrick McKenna.  The parties therefore ask the Court to approve the settlement

pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

The parties represent to the Court that while Plaintiffs believe that the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed on all of their respective claims at trial, the settlement is fair, as discussed herein in that it obviates the need for a trial and ensures the collection of a significant portion of the wages that remained owing to plaintiff after the termination of his employment with defendants.

## Background

The Plaintiffs allege the below facts. The Defendants have denied and still deny any allegations of wrong doing. Plaintiff Severino worked for Defendants from on or about July 10, 2015 through on or about September 16, 2019 principally as an Office Manager at the Centro De Inmigracion, Corp., at 1795 5th Avenue, Bay Shore, New York 11706.  During her entire period of employment with Defendants, Plaintiff Severino was paid a weekly salary ranging from $400.00 to $500.00. Plaintiff Severino claims she worked at said location 6 days per week for shifts which ranged between six (6) to ten (10) hours per day.

Plaintiff Mendez alleges she worked for Defendants from on or about July, 2015 through on or about December, 2016 principally as an Office Assistant at the Centro De Inmigracion, Corp., at 1795 5th Avenue, Bay Shore, New York 11706. From on or about July, 2015 through on or about March, 2016, Defendant Mendez claims she was paid a weekly salary ranging from $200 to $300.00 per week and worked at said location 6 days per week for shifts which ranged between six (6) to ten (10) hours per day.

Plaintiff Rojas claims he worked for Defendant from on or about May, 2016 until on or about August, 2019 principally as an Office Assistant at the Centro de Inmigracion, Corp., at 1795 5th Avenue, Bay Shore, New York 11706. Plaintiff Rojas alleged he worked at said location 6 days per week for shifts which ranged between six (6) to ten (10) hours per day and his wages ranged between $11.00 to$13.00 per hour.

The instant action was commenced seeking damages for the Defendants' alleged failure to pay over time premium pay, for spread hours violations and failure to provide wage statements. Attached hereto as **Exhibit B** is a chart reflecting plaintiffs' alleged hours worked for each week of employment and a calculation of the total damages owing to plaintiffs.

## Settlement

The parties have agreed to settle this action for the total sum of Eighty Thousand dollars ($80.000.00) which will be paid as outlined in **Exhibit A-**the Settlement Agreement. As reflected in the Plaintiffs' damages calculations annexed hereto as **Exhibit B,** the pre-liquidated damages each plaintiff claims is as follows:

1. Severino: $31,278.63;
2. Mendez: $11,042.63; and
3. Rojas $26,696.00.

The above approximate amounts are exclusive of wage notice violations. ThePlaintiffs have claimed that if they were successful at trial a full recovery could have yielded $72,557.25 for plaintiff Severino, $32,085.25 for plaintiff Mendez, and $63,392.00 for plaintiff Rojas inclusive of wage notice violations and liquidated damages. While Plaintiffs sought recovery of the entire damages they have suffered, it was clear from the outset that Plaintiffs would not be able to recover 100% of their damages due to some evidence offered by defendants supporting their

claims that Severino may be considered an exempt individual under the FLSA laws and other evidence demonstrating that plaintiffs did not work all the claimed hours.

Because it became clear the parties would not be able to resolve the matter between themselves, the parties participated in a mediation session with Mr. Patrick McKenna who is one of the EDNY authorized mediators in order to bridge the gap in the settlement negotiations. All the parties attended the mediation. Mr. Patrick McKenna was extremely influential in fashioning the settlement for the total sum of $80,000.00 and should be complimented for his professionalism and the knowledge of FLSA issues which greatly affected the settlement of the matter. The sum of $80,000.00 represents a significant compromise by Plaintiffs and was agreed to by them only after considering the risks of going to trial and the risks associated with collection post trial were the matter not to be settled. Further, all the settlement negotiations were done at arm's length and Plaintiffs had no contact with Defendants at any time during the proceedings.

Plaintiffs have agreed to settle the matter for the $80,000.00 rather than proceeding to trial in large part because Plaintiffs are familiar with Defendants' business and acknowledge the problems that even a successful plaintiff would have in collecting a judgement against Defendants. Accordingly, because the many uncertainties associated with collection of a judgment and with the uncertainties presented by a trial, Plaintiffs have agreed to settle the instant matter for $80,000.00. Further, defendants have agreed to make a full payment amount of Eighty Thousand Dollars and Zero Cents ($80,000), seven (7) days after the approval of the Court. Neither party has admitted any wrongdoing.

**Fairness**

"In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Moreover, Courts often recognize that settling a claim sooner rather than later is often valuable in its own right. **See** Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

**Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive Twenty-Six Thousand Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($26,666.66) from the settlement fund as attorneys' fees, subject to review and approval of the Court. The attorney is waiving costs incurred related to mediation fees, filing fees and fees associated with the service of process. This represents one-third of the recovery in this litigation in keeping with the Plaintiff's agreement with counsel.

The undersigned has attached contemporaneous billing records along with this application evidencing counsel's lodestar and the retainer agreements signed by plaintiff. **Exhibit C**.

With respect to fees, a court may calculate a reasonable attorneys' fee either by determining the so-called 'lodestar' amount or by awarding a percentage of the settlement. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). "However, 'the trend in this Circuit is toward the percentage method,' although it is for district court to determine 'the appropriate method' in a particular case […] the percentage method […] avoids the lodestar method's potential to create a disincentive to early settlement." **See** Hyun v. Ippundo USA Holdings, et al., 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 39115 (S.D.N.Y. Mar. 24, 2016) (internal citations omitted).

Courts in this district generally find 33.3% of a settlement allocated for attorneys' fees to be reasonable when negotiated as part of a one-third contingency fee arrangement. **See** Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09 CV 486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012).

"[C]ourts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable." Oxley v. EXCELLENT HOME CARE SERVICES, LLC, 18-cv-2374-RJD-CLP, Dist. Court, ED New York Jan. 8th 2020 (approving 1/3 percentage of the fund in FLSA matter)

The undersigned here has such an arrangement with Plaintiffs for a 33.3% contingency fee.

"[A] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings, Inc., No. 12 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234, 2013 WL 5308277, at *1

6

(E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); Rodriguez-Hernandez v. K Bread Co. Inc., No. 15 CV 6848, 2017 WL 2266874, at *7 (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award).

To the extent this Court engages in a cross-check based on the lodestar, the undersigned respectfully asks for a multiplier.

"Assuming the multiplier here is somewhat higher than normally awarded, this Court nonetheless recognizes the importance of **encouraging the swift resolution of cases** like this one and **avoiding 'creat[ing] a disincentive to early settlement'**—particularly where such settlement has provided Plaintiff with a **substantial and speedy result**." Pinzon v. Jony Food Corp., et al., No. 18-cv-105 (RA) S.D.N.Y. May 24th, 2018. (emphasis added) (Court approved a multiplier of 5.23 in a single plaintiff FLSA matter involving the undersigned); see also Johnson v. Brennan, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed `common' by courts in this District.")

"Courts regularly award multipliers from two to six times the lodestar." Monserrate v. TEQUIPMENT, INC., 11-cv-6090 (RML) Dist. Court, EDNY, Nov. 16th, 2012 (collecting cases and applying a multiplier of 4.34)

"When applying the lodestar method, courts generally 'apply a multiplier to take into account the contingent nature of the fee, the risks of non-payment, the quality of representation, and the results achieved.'" Pucciarelli v. LAKEVIEW CARS, INC., Dist. Court, ED New York

2017 (quoting *In Re Platinum & Palladium Commodities Litig.*, No. 10-CV-3617 (CCH), 2015 WL 4560206, at *3 (S.D.N.Y. July 7, 2015).

A "fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward." Willix v. Healthfirst, Inc*.,* No. 07-CV-1143 (ENV) (RER) 2011 U.S. Dist. LEXIS 21102 at *7 (E.D.N.Y. Feb. 18, 2011) (emphasis added).

It is important to cite that the percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation. **See** Hyun v. Ippundo USA Holdings, et al., 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting *McDaniel v. City of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010)).

Moreover, in Fish v. SD Prot. Inc., 948 F.3d 593 (2nd Cir. 2020), the Second Circuit held that the proportionality of an attorney fee award to the plaintiff's recovery should not be viewed by the district court as an "outcome determinative factor in evaluating the reasonableness" of the fee and further emphasized the importance in incentivizing the plaintiffs' bar to take small and/or difficult cases.  And, the undersigned would submit that this particular case where the predicate businesses were closed would constitute a difficult case.

Reasonableness of Rates:

 "Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour," Safeco Ins. Co. of Am. v. M.E.S., Inc.*,* 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018); see generally Leevson v. Aqualife USA Inc.*,* 770 Fd.

App'x 577, 583 (2d Cir. 2019) (summary order finding district court in the E.D.N.Y. acted within its discretion in finding a rate of $400.00 reasonable.); Konits v. Karahalis, 409 F. App'x 418, 422-23 (2d Cir. 2011) (summary order affirming a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour; Hui Luo v. L & S Acupuncture, P.C., No. 14-CV-1003, 2015 WL 1954468, at *2 (E.D.N.Y. Apr. 29, 2015); see also Flores v. Mamma Lombardi's of Holbrook, Inc., No. 12-CV-3532, 2015 WL 2374515, at *19 (E.D.N.Y. May 18, 2015) (awarding $350 for a senior partner); Lema v. Mugs Ale House Bar, No. 12-CV-2182, 2014 WL 1230010, at *6 (E.D.N.Y. Mar. 21, 2014) (awarding rates of $300 to $350 for partners); Tacuri v. Nithin Constr. Co., No. 14-CV-2908, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015) (prevailing hourly rates for partners range from $300 to $400); Fawzy v. Gendy, No. 12-CV-5580, 2013 WL 5537128, at *1 (E.D.N.Y. Oct. 6, 2013) (hourly rates range from $200 to $350 for partners); Jean v. Auto & Tire Spot Corp., No. 09-CV-5394, 2013 WL 2322834, at *6 (E.D.N.Y. May 28, 2013) (rates for "experienced attorneys handling FLSA cases . . . usually range from $300 to $400 per hour").

"Additionally, in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the fee through negotiation, the 'range of reasonableness' for attorneys' fees is greater than in a collective or class action" Dominguez v. Architectural Sign Group, et al. 18-cv-5514 (KAM) (JO) October 17th, 2019.

In an effort to support the application for this Court to permit the attorney's fees on the one-third (1/3) of the damages recovered, the undersigned also respectfully submits the following brief biography:

The undersigned has been practicing law in the State and Federal Courts of the State of New York for more than thirty-eight (38) years. I began practicing as a young Assistant District Attorney in New York County in 1984 after my appointment by the late Hon. Robert Morgenthau. I have been in private practice since 1987. While I have never kept a running record of the number of cases I have tried, I can conservatively estimate that I have tried more than fifty cases to verdict both in civil, and the criminal courts of the State of New York. Further, I have tried both criminal and civil cases in the Federal courts of New Jersey and New York before the following Justices: Judge John Bartels, Judge Charles Haight, Judge Richard Berman, Judge Thomas Collier Platt, Jr., Judge Maryanne Trump Barry. Further, I obtained a verdict before the Hon. Marilyn Go in a personal injury action for $2,400,000.00 approximately six years ago. I have settled cases in the Southern District of New York resulting from the Bel-Harbor air disaster. In the fall of 2018, I settled a case in Brooklyn Supreme Court for $2,900,000.00 for injuries received in an office building by an elevator mechanic who was injured during his job when he was caused to fall due to a defective fire escape. That matter was settled only after plaintiff presented his case in chief on liability. Additionally, I have tried many other personal injury and surrogate actions during my tenure as a private attorney. Further, Plaintiff's counsel has been representing clients concerning FLSA matters before courts in the Eastern and Southern Districts of New York both as defendants and plaintiffs for the last approximately eight years. Plaintiff's counsel has been previously and consistently authorized to receive a 1/3 contingency fee on a FLSA matters prosecuted in Eastern District of New York. Further, given the many years of litigation experience of Plaintiff's counsel in the Federal and State courts of New York, his fee of

an hourly rate of $450.00 per hour is eminently reasonable. Plaintiff has incurred the following costs which are being waived by counsel:

1. Filing fee $402.00
2. Mediation fee $300.00
3. Service of process fee $251.00

    Total waived costs by Plaintiff's counsel: $953.00

For all the foregoing reasons it is respectfully requested this Court authorize the settlement as herein requested.

                                            Respectfully Submitted,

                                                /s/

                                          Heriberto Cabrera